UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE MONTERO-ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBERRAN, et al.,<br><br>Respondents. | No. 1:25-cv-01695-DJC-AC<br><br><br><br>ORDER |

  Petitioner Michelle Montero-Alvarez is presently in the custody of the United States Immigration and Customs Enforcement ("ICE"). Petitioner entered the United States several years ago, was detained by immigration officials upon entry, was subsequently released from custody and has resided in the United States for many years since. Petitioner was recently taken into custody during a routine check in with ICE. Petitioner has filed a Petition for Writ of Habeas Corpus along with a Motion for Temporary Restraining Order, arguing that her present detention violates the Fifth Amendment's Due Process Clause and the Fourth Amendment of the United States Constitution. For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Petitioner's Motion.

## BACKGROUND

Petitioner is a native and citizen of Peru who entered the United States in July 2022 seeking asylum. (Pet. (ECF No. 1) ¶ 2.) Federal agents detained Petitioner upon her arrival and released her on her own recognizance with a notice to appear for removal proceedings in immigration court on August 18, 2026. (*Id.*) She represents that upon her release, immigration authorities provided her with an I-220B order of supervision and a copy of a notice to appear in Immigration Court. (*Id.* ¶ 6.) Since then, Petitioner represents that she has followed all instructions – including attending every ICE and USCIS check in. (*Id.* ¶ 2.) She admits that she was late to one of her ISAP appointments but called ISAP and rescheduled. (*Id.*) In January 2024, Petitioner filed an employment authorization application and ultimately received her legal work authorization. (*Id.* ¶ 4.) In August 2025, Petitioner filed an asylum application, which is currently pending. (*Id.* ¶¶ 3, 20.)

On November 21, 2025, Petitioner attended a check in appointment where she was detained by ICE agents who informed her that she would be transferred to an ICE detention facility. (*Id.* ¶ 5.) Petitioner is currently in custody at the California City Detention Facility where she remains in custody. (*Id.* ¶ 20.) Petitioner now filed a Petition for Writ of Habeas Corpus along with a Motion for Temporary Restraining Order (Mot. TRO (ECF No. 3)). This Court issued a briefing schedule (ECF No. 5). As of the date of this Order, Respondents have not appeared nor filed any opposition to Petitioner's Motion.

## LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially similar." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def.*

*Council, Inc.,* 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## DISCUSSION

### I. Notice

Petitioner argues that the requirements for issuing a temporary restraining order without notice pursuant to Federal Rule of Civil Procedure 65(b) are satisfied. A court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b).

Here, Petitioner's counsel represents that on December 1, 2025, he sent an email to the Bakersfield ICE office regarding release but received no response. (Pet. ¶ 53.) Moreover, notice of this Court's Minute Order directing Respondents to file an Opposition was electronically served on the U.S. Attorney's Office for the Eastern District of California. (ECF No. 5.) While Respondents have not appeared or filed a response, Petitioner has set out specific facts demonstrating that immediate and irreparable injury, loss, or damage may result before respondents can be heard in opposition. *See Pinchi v. Noem*, No. 5:25-cv-05632-RML, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025).

### II. Likelihood of Success on the Merits

Petitioner brings three claims in her Habeas Petition alleging violations of substantive due process and procedural due process under the Fifth Amendment,

and a violation of the Fourth Amendment for unlawful arrest.  The Court finds that Petitioner is likely to succeed on the merits of her procedural due process claim.

Petitioner argues that under the Due Process Clause, Respondents are prohibited from detaining Petitioner without first providing a pre-deprivation hearing before a neutral adjudicator where the government demonstrates by clear and convincing evidence that she is a danger to the public or a flight risk.  (Mot. at 8.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  While noncitizens located outside the country are not granted the full protections of the Constitution, the Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including final deportation orders.  *Id*. at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation proceedings but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process.").

As has been detailed by numerous other courts, individuals released from ICE custody have a protected interest in remaining out of custody.  *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025).  "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, ---- F. Supp. 3d ----, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 481–82 (1972)).  Petitioner was released on her own recognizance by the Government in 2022, with an I-220B Order of Supervision and a copy of a Notice to Appear in Immigration Court.  (Pet. ¶ 6.)

Since that time, she has remained out of custody, without incident.  (*See id*. ¶¶ 7, 8.)  Petitioner has a clear liberty interest in her continued freedom.  The Court must thus determine what process is due.

Because such a liberty interest has been established, the Court applies the balancing test in *Mathews v. Eldridge,* 424 U.S. 319 (1976).  The Court finds that the *Mathews* analysis conducted in *Lopez v. Lyons,* is applicable here.  *See* No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116, at *3 (E.D. Cal. Nov. 7, 2025).  Specifically, Petitioner has a substantial private interest in maintaining her out-of-custody status.  *See Valencia Zapata v. Kaiser,* ---- F. Supp. 3d ----, 2025 WL 2741654, at *8 (N.D. Cal. Sept. 26, 2025) (noting that release under section 1226 "implied a promise" that petitioners would not be re-detained so long as they abide by the terms of their release.)  The risk of erroneous deprivation here is considerable as Petitioner has not received a bond hearing and has no criminal history.  Lastly, Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

### III. Remaining Factors

The remaining factors similarly support granting Petitioner's Motion.

Petitioner will suffer irreparable harm in the absence of preliminary injunctive relief.  "It is well established that the deprivation of constitutional rights "unquestionably constitutes irreparable injury.'"  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation omitted).  Moreover, the Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention" including "the economic burdens imposed on detainees and their families as a result of detention."  *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  The Petitioner has thus established irreparable harm.

The final two *Winter* factors merge when the government is the nonmoving party.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (citations omitted).  Public interest concerns are also implicated as "it is always in the public interest to prevent

the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002 (internal quotations and citations omitted). "The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Baird*, 81 F.4th at 1042 (internal quotations and citations omitted). Moreover, the "public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Pinchi*, 792 F. Supp. 3d at 1037.

Here, the harm to Petitioner is significant as she faces prolonged ICE detention, which separates her from her friends and family. The harm to Respondents is minimal as the only potential hinderance the government may experience is a short delay in re-detaining Petitioner. The government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). Further, there is no argument that Petitioner is now a risk of flight or a danger to the community. For these reasons, the Court concludes that the equities and public interest weigh in favor of Petitioner.[1]

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 3) is GRANTED IN PART as follows:
    a. Petitioner Michelle Montero-Alvarez shall be released immediately from Respondents' custody. Respondents shall not impose any additional restrictions on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-

---

[1] Petitioner requests that this Court issue an injunction enjoining Respondents from deporting Petitioner during the pendency of this proceeding. However, the record presently before the Court does not indicate that such a harm is ripe for resolution at this time. Thus, the Court DENIES Petitioner's request.

deprivation/custody hearing.  Respondents shall provide a status report confirming Petitioner's release.

  b. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice – describing the change of circumstances necessitating her arrest, and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.

2. Petitioner's Motion for Temporary Restraining Order is DENIED IN PART as to the request to enjoin Respondents from deporting Petitioner during the pendency of this proceeding.

3. Respondents are ORDERED TO SHOW CAUSE on or before December 12, 2025, why a Preliminary Injunction should not be issued on the same terms as this Order.  Petitioners may file a reply on or before December 17, 2025, at which time the matter will be deemed submitted.

IT IS SO ORDERED.

Dated:  **December 5, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – MONTERO-ALVAREZ25cv01691.tro